# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 2000 SESSION



**FILED**

**February 2, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **NO. W1999-01749-CCA-R3-CD** |
| Appellee, | ) | |
| | ) | **MADISON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ROY B. MORGAN, JR.,** |
| **ROCHELLE ANDRE TRIPLETT,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

**FOR THE APPELLANT:**

**CLIFFORD K. McGOWN**
113 North Court Square, Suite 204
P.O. Box 26
Waverly, TN 37185-0026
(On Appeal Only)

**GEORGE MORTON GOOGE**
District Public Defender

**STEPHEN P. SPRACHER**
Assistant Public Defender
227 West Baltimore Street
Jackson, TN 38301-6137
(At Trial and Of Counsel On Appeal)

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**MARK E. DAVIDSON**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JAMES G. (JERRY) WOODALL**
District Attorney General

**SHAUN A. BROWN**
Assistant District Attorney General
225 Martin Luther King Drive
P.O. Box 2825
Jackson, TN 38302-2825

**OPINION FILED:** _____

**AFFIRMED - RULE 20 ORDER**

**JOE G. RILEY, JUDGE**

**O R D E R**

Appellant, Rochelle Andre Triplett, pled guilty to aggravated assault, simple assault, criminal impersonation, and possession of drug paraphernalia in March 1998. He received an effective three-year sentence and was placed on probation. In June 1998, his probation officer filed a probation violation warrant alleging failure to report and failure to pay fines and costs. The trial court conducted a full revocation hearing, found appellant in violation and revoked his probation. Appellant challenges that revocation. We **AFFIRM**.

At the May 1999 revocation hearing, the state asserted two additional grounds for revocation through the testimony of defendant's probation officer: violation of curfew and failure to inform of change of residence. Defendant also testified at the hearing. He stipulated to his failure to report and pay fines, but challenged the two additional grounds.

Based upon the stipulations and testimony, the trial court found that the appellant failed to report, failed to inform his probation officer of a change in residence and failed to pay his fines and costs. The trial court rejected the state's contention that defendant violated his curfew. The evidence does not preponderate against the trial court's ruling. The trial court did not abuse its discretion by revoking appellant's probation. Tenn. Code Ann. § 40-35-311(d).

The judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals. It appearing that the appellant is indigent, costs shall be taxed to the state.

So ordered. Enter:

_____
**JOE G. RILEY, JUDGE**

2

**CONCUR:**


_____
**JOHN EVERETT WILLIAMS, JUDGE**


_____
**ALAN E. GLENN, JUDGE**